The judgment of the court was pronounced by
Eustis, C. J.
On the 23st of June, 1845, the Improvement and Banking Company of New Orleans, recovered judgment fra solido against Walker, the present plaintiff, and the First Municipality and others, for the sum of $330, with interest from the 5th of February, 1842, at ten per cent, with $5 50 costs of protest, $3 for copy of an act and costs of suit. The judgment was rqndored on a promissory note of which Walker was the drawer, and which the municipality had endoi'sed. The note had been received as part price of a lot of land sold by the municipality to Walker, and was subsequently discounted by the Improvement Bank.
The judgment had been transferred by the commissioners of the Improvement Bank, on the 24th of June, 1845, to J. C. Thomas, who became the assignee of the judgment on the record. From this judgment Walker afterwards appealed, and the appeal was dismissed on the 8th of June, 1846. By an order of court the municipality, on the acknowledgment of Thomas that he had received the amount of the judgment with interest and costs, was subrogated to the rights of Thomas, in the judgment against the co-defendants.
The municipality took out execution against Walker, who obtained an injunction on the ground that he had tendered the amount due, in notes of the bank, with the amount of the costs in specie, to the commissioners of the bank, subsequently also, to Thomas when he held the judgment, and finally, to the sheriff on the execution enjoined.
The injunction was dissolved by the court of the third district, and the plaintiff has appealed.
The judgment which the- commissioners of the Improvement Bank obtained against the municipality and its co-defendant, Walker, was payable in the notes of that bank. Under the acts of 1842 and 1843, relative to the liquidation of banks, it was imperative on the commissioners to receive the notes of each bank in the payment of its debts. This measure was enacted for the purpose of absorbing the circulation of the banks, and quickening the liquidation of their concerns. Its legality has been sanctioned by repeated decisions of our courts. The Commissioners of the Exchange Banking Company v. Mudge, 6 Rob. 387. French v. Stanton, 1 Ann. 8.
Thomas bought this judgment from the Commissioners of the Improvement Bank on the 27th of June, 1845, at private sale. It was not sold at auction among the assetts of the bank, but was purchased by Thomas under a resolution *11 of the board of directors. In this he was a volunteer, he paid in the depreciated notes of the bank, giving the face of the note in capital and interest, and paying the costs in specie. It is obvious that he could acquire no rights by such a purchase which the bank itself did not have, and the judgment, under the laws of 1842 and 1843, could still be paid in the notes of the bank. If the municipality paid, in specie, the amount of the judgment, which it was not bound to do, this gives the municipality no claim against its co-defendant, except for what it was. legally bound to pay. The right to subrogation puts the municipality in the place of the original plaintiffs, the Commissioners of the Improvement Bank; and the judgment, as it originally stood, can still be satisfied by the payment of notes of that bank.
The judgment of the district court is therefore reversed; and it is decreed, that on atender lawfully made to the sheriff or the Municipality No. One, of the amount of said judgment and interest in notes of the late Improvement and Banking Company, and the payment of the costs of protest and of suit in specie, by the plaintiff in injunction, John Walker, the said judgment be held to be satisfied and discharged; the municipality paying costs in both courts.